In the Matter of the Estate of ELLA V. VON E. WENDEL, Deceased.*

Surrogate's Court, New York County, April 6, 1932.

*George Flint Warren, Jr.*, for executors and temporary administrators.

*Arthur Garfield Hays* and *Samuel Untermyer* [*Arthur Garfield Hays, Eugene Untermyer* and *John Schulman, Mr. St. John* and *Henry G. Van Vien* of counsel], for Rose Dew Stansbury.

*Rosenbloom & Sommer* [*Frederick Sommer* of counsel], for Samuel K. Johnson.

*Otheman & Swain* [*Edward R. Otheman* of counsel], for St. Christopher's School.

*Griggs, Baldwin & Baldwin* [*Edwin N. Moore* of counsel], for Drew University, named as Drew Theological Seminary, legatee.

*Stewart & Shearer* [*George L. Shearer* of counsel], for New York Society for the Relief of the Ruptured and Crippled.

* See, also, 143 Misc. 480.

*Dorman & Dana* [*William R. Dorman* and *Thomas J. Mooney* of counsel], for New York Homeopathic Medical College and Flower Hospital.

*Barry, Wainwright, Thacher & Symmers* [*Herbert Barry* of counsel], for the American Society for the Prevention of Cruelty to Animals.

*Gould & Wilkie* [*Nathan H. Bigelow* of counsel], for National Society for the Prevention of Blindness, Inc.

*Richard Kelly*, for the Methodist Episcopal Church Home.

*Leonard M. Walker* [*Charles C. Austin* of counsel], for Dobbs Ferry Hospital.

*Clarke, Allen, Harper & Matthews* [*Ben A. Matthews* of counsel], for Board of Foreign Missions of the Methodist Episcopal Church.

O'BRIEN, S. This is an application for an order revoking the letters of temporary administration granted by me to the persons named as executors in the will and the two codicils filed for probate in this court. The regularity of, and the necessity for, their appointment originally, pursuant to section 126 of the Surrogate's Court Act, is not questioned. The principal ground urged for the revocation of the letters of temporary administration is the allegation that the decedent did not die a resident of New York county, but on the contrary died a legal resident of Westchester county. An answer has been filed denying the allegations in the petition and setting up as an affirmative defense the consent and waiver signed by Miss Stansbury, the petitioner herein, which was filed in the probate proceeding. The respondents claim that because of this consent, she is not a party interested and cannot question the jurisdiction of this court. The matter was noticed for hearing, at which time a motion was made to strike out the affirmative defense. That motion is now before me to determine. The only persons cited in this proceeding are the three temporary administrators, so that any adjudication made herein would not be binding on the numerous other parties interested in this estate. Since the inception of this proceeding, appearances have been filed by some of the principal legatees, who were not cited. In view of the motion made to strike out the affirmative defense, the issue of jurisdiction of this court has not been heard by me on the merits.

It appears from the records of this court that the petitioner herein has also filed objections to the probate of the will. In those objections she attacks the jurisdiction of this court and alleges that the decedent died a resident of Westchester county. In that proceeding everyone presumptively interested in the estate has been cited. In my opinion the question of the legal residence of

the decedent should not be tried and determined in this proceeding, where relatively few of the parties are before the·court. The jurisdiction of this court must be determined ultimately, and that determination should be final and conclusive on all those interested. That result can only be obtained in the probate proceeding. The estate is large and the regularity of the proceedings taken here are of great moment to this estate. The title to a large amount of real estate is involved and security of the title to these parcels is of great importance. In view of all these circumstances, sound and sensible procedure, well calculated to serve the interests of all interested parties and save time and money for the estate, requires the denial of the application at this time, with leave to renew later, if occasion arises where the application should be made. The appointment of the temporary administrators was duly and regularly made and in the face of the pending probate proceedings, and four or five incidental preliminary issues involved therein, this disposition of the application would seem to be the wiser course to pursue at this instant. If this court finds that the decedent died a resident of New York county, the will contest, and the subsequent administration of the estate, will necessarily take place under the supervision of the surrogates of New York county. On the other hand, should the decedent be found to have died a legal resident of Westchester county, the matter will have to be remitted to that court for subsequent proceedings. In that event, this court will be without jurisdiction over this estate. In the meantime this court will not be unnecessarily engaged in the trial of issues over which it may have no jurisdiction whatever.

Proceed accordingly.